

# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

UP TO $15,000.00 IN UNITED STATES CURRENCY ON DEPOSIT IN JP MORGAN CHASE ACCOUNT 000000751465595, HELD IN THE NAME OF ELIZABETH KRISTINE BAYOLO

Case Number: 24-M-557 (SCD)

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

TO: **TIFFANY BROWN, a Special Agent with the Federal Bureau of Investigation, and any Authorized Officer of the United States**.

An application by a federal law enforcement officer or an attorney for the government requests that certain property be seized as being subject to forfeiture to the United States of America. The property is described as follows:

Up to $15,000.00 in United States currency on deposit in JP Morgan Chase account 000000751465595, held in the name of Elizabeth Kristine Bayolo

I find that the affidavit and any recorded testimony establish probable cause to seize the property.

**YOU ARE HEREBY COMMANDED** to search on or before __12-11-24__, 2024
(not to exceed 14 days)

☐ in the daytime – 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night, as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to United States Magistrate Judge Stephen C. Dries.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. §2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person, who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for ____ days. *(not to exceed 30)*
☐ until, the facts justifying, the later specific date of _____

Date and time issued __11-27__, 2024; 11:45 am.   _____Stephen C. Dri_____
*Judge's signature*

City and state: Milwaukee, Wisconsin   THE HONORABLE STEPHEN C. DRIES
United States Magistrate Judge
*Name & Title of Judicial Officer*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# UNITED STATES DISTRICT COURT



## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

UP TO $15,000.00 IN UNITED STATES CURRENCY
ON DEPOSIT IN JP MORGAN CHASE ACCOUNT
000000751465595, HELD IN THE NAME OF ELIZABETH
KRISTINE BAYOLO

Case Number: 24-M-557 (SCD)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Tiffany Brown, being duly sworn depose and say:

I am a Special Agent with the Federal Bureau of Investigation and have reason to believe that in the Eastern District of Wisconsin there is now certain property, namely, up to $15,000.00 in United States currency on deposit in JP Morgan Chase account 000000751465595, held in the name of Elizabeth Kristine Bayolo, that is civilly forfeitable under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and criminally forfeitable under 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), as property that consists of, or is traceable to, proceeds of wire fraud committed in violation of 18 U.S.C. § 1343, and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b)(2) and for purposes of criminal forfeiture under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

The application is based on these facts:

     ✓ Continued on the attached sheet.
     ❑ Delayed notice of _____ days (give exact ending date if more than 30 days:_____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email.

_Signature of Affiant_
Tiffany Brown, FBI

11-27-24. 11:45 am
_____
Date and time issued

at Milwaukee, Wisconsin
_____
City and State

Stephen C. Dries, U.S. Magistrate Judge
_____
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

CLERK'S OFFICE
A TRUE COPY
Nov 27, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANTS

I, Tiffany Brown, having been duly sworn on oath, state as follows:

## Affiant's Background

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been since May 2019. I am currently assigned to the Milwaukee Division, where I investigate violations of federal law. I have investigated and assisted in the investigation of matters involving violations of federal law related to financial crimes, including the service of search and arrest warrants.

2. Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrants, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrant.

3. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have obtained in the course of this investigation from witnesses having personal knowledge of the events and circumstances described herein and other law enforcement officers, all of whom I believe to be truthful and reliable.

## Property Sought to be Seized

4. I submit this affidavit in support of an application for a warrant to seize up to $15,000.00 in United States currency on deposit in **JP Morgan Chase account 000000751465595** (**Chase 5595 Account**) held in the name of Elizabeth Kristine Bayolo.

5. Based on the facts and circumstances set forth below, I submit that there exists probable cause to believe that up to $15,000.00 in funds on deposit in JP Morgan Chase account 000000751465595 are:

    a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses committed in violation of 18 U.S.C. § 1343;

    b. Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

    c. Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

    d. Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

## PROBABLE CAUSE

### Common Attributes of Imposter Schemes

6. One common financial fraud scheme is known as an "Imposter Scam." In an "Imposter Scam," fraudsters will portray themselves as an investigator with a financial institution and claim that there is fraud or criminal activity on one of your accounts. The imposter tells you to move money from your bank, investment, or retirement account and to "protect it" by depositing into a "secure account."

7. After a victim withdraws the funds from their financial institution, they are directed by the imposter to deposit it into another financial institution. This can be done in a variety of ways, such as electronic transfers, purchase of prepaid debit cards, or through a deposit into another financial institution automated teller machine (ATM).

2

8. Perpetrators of imposter scams sometimes also recruit witting or unwitting persons within the United States to open bank accounts that the perpetrators use to receive the proceeds of the fraud scheme.

9. Not all such third-party account holders who receive illicit proceeds are ignorant, at least initially, as to the nature of the fraud proceeds being deposited into their accounts. Some persons who open and use accounts to receive fraud proceeds are witting money mules who understand the criminal nature of the funds they are receiving in the account from the outset. Other such account holders are put on notice that they are receiving, and helping launder, fraud proceeds during the course of receiving such fraud proceeds into their account. Thus, some persons who launder fraud proceeds might begin as unwitting money mules but then progress to becoming witting money launderers.

## Ongoing Investigation into Imposter Scheme

10. Detective Chad Buchanan, a detective assigned to the Kenosha Police Department's Financial Crimes Unit is currently conducting an investigation that is focusing on an imposter scheme in which an unknown caused a total of $15,000.00 to be deposited into **Chase 5595 Account** via an Automated Teller Machine (ATM) located within the Eastern District of Wisconsin. The **Chase 5595 Account** is an account held in the name of Elizabeth Kristine Bayolo.

11. JP Morgan Chase Bank records show the **Chase 5595 Account** is a checking account.

3

12. The funds sought to be seized – a total of $15,000.00 – are funds that were deposited into the **Chase 5595 Account** via three ATM deposits. A victim having the initials O.S. made three United States Currency deposits in the amounts of $8,000.00, $6,600.00, and $400.00 to the **Chase 5595 Account** based on misrepresentations, impersonations, and the use of interstate wires in connection with the imposter scheme.

13. More specifically, on September 25, 2024 at 12:52 p.m. CST, O.S. received a text message from what she believed to be Johnson Bank, the financial institution where she does her banking. The text message asked if O.S. had spent $62.94 at Walmart. O.S. advised that she has had her debit card compromised twice in the past year. O.S. advised she was planning on going to a Johnson Bank branch to speak with someone about what she believed to be the latest compromise when she received a called from a male subject stating that he wanted to confirm charges on her debit card. O.S. stated that the male subject explained that he needed to connect her with his manager, "Sara Mitchell."

14. O.S. explained that "Sara Mitchell" was able to provide her with O.S.'s full name, address, telephone number, and the last 4 digits of her social security number. "Sara Mitchell" explained to O.S. that Johnson Bank and JP Morgan Chase Bank have an agreement to work together when security issues such as hers arise. O.S. was directed to go to the Johnson Bank branch located at 7500 Green Bay Road in Kenosha, Wisconsin, and withdraw $8,000.00.

15. O.S. drove to the Johnson Bank branch located at 7500 Green Bay Road, Kenosha, Wisconsin, and made the $8,000.00 withdrawal. O.S. reported that she was then directed by "Sara Mitchell" to drive to the JP Morgan Chase Bank branch located at 3611

4

80th Street, Kenosha, Wisconsin, to deposit the funds. "Sara Michell" gave O.S. debit card information and told her to add it to her Apple wallet. The debit card number O.S. added to her Apple wallet was 4833 1201 9276 3101. O.S. was then directed to use her cellular telephone and tap it against the ATM and follow the directions on the screen and deposit the $8,000.00.

16. Then, O.S. stated O.S. was directed to drive to the Johnson Bank branch located at 3928 60th Street, Kenosha, Wisconsin, and withdraw the remaining funds in her account. At "Sara Mitchell's" direction, O.S. withdrew the remaining $7,000.00 and returned to the JP Morgan Chase Bank branch ATM at 3611 80th Street in Kenosha to deposit the $7,000 (in two transactions, $6,600.00 and $400.00) into the same account as the $8,000 was deposited into. O.S. followed the same process she had done to deposit $8,000.00 earlier.

17. O.S. stated that "Sara Mitchell" remained on the line with her before she made the first withdrawal until she had completed the deposit of $7,000.00. "Sara Mitchell" told O.S. that she had full access to the JP Morgan Chase debit card connected with her Apple wallet and disconnected. Subsequently, O.S. checked her Apple wallet account on her telephone and discovered that her access to the debit card had been withdrawn. O.S. contacted JP Morgan Chase Bank and explained what had occurred and was told that the account would be frozen until it could be proven who had deposited the funds.

18. On October 1, 2024, Detective Chad Buchanan of the Kenosha Police Department drafted two subpoenas to JP Morgan Chase Bank requesting records of the

5

account holder associated with debit card number 4833 1201 9276 3101 and another of video surveillance for the JP Morgan Chase Bank branch located at 3611 80th Street from September 25, 2024.

19. On October 18, 2024, Detective Buchanan received a response from JP Morgan Chase Bank indicating the account associated with debit card number 4833 1201 9276 3101 to be Elizabeth Kristine Bayolo of 18491 NW 52nd Path, Miami Gardens, Florida. The response indicated the account number associated with the debit card and Elizabeth Kristine Bayolo was the **Chase 5595 Account**.

20. A review of the requested surveillance footage revealed the following:

   a. On September 25, 2024, O.S. entered the Johnson Bank branch located at 7500 Green Bay Road in Kenosha, Wisconsin at 1:58 p.m. and exited at 2:03 p.m.

   b. On September 25, 2024, O.S. drove up to the ATM at the JP Morgan Chase Bank branch located at 3611 80th Street in Kenosha, Wisconsin, at 2:16 p.m., deposited United States currency into it, and drove away at 2:23 p.m.

   c. On September 24, 2024, O.S. entered the Johnson Bank branch located at 3928 60th Street in Kenosha, Wisconsin, at 2:31 p.m. and exited at 2:55 p.m.

21. These observations about when O.S. frequented the various banks comports with O.S.'s description of events described above.

22. I therefore submit that there exists probable cause to believe that a total of $15,000 was deposited into the **Chase 5595 Account** as the result of unknown suspect(s) perpetrating an imposter scheme on victim O.S. More specifically, the unknown suspect(s) caused O.S. to withdraw $15,000.00 from her Johnson Bank account and

6

Case 2:24-mj-00557-SCD   Filed 11/27/24   Page 9 of 11   Document 1

deposit it via the ATM into the **Chase 5595 Account**, under false pretenses and with the intent to deprive O.S. permanently of O.S's assets. These funds represent the proceeds of a fraud scheme and are subject to seizure and forfeiture under both the civil and criminal forfeiture statutes.

## Applicable Asset Forfeiture Provisions

23. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

24. Section 984 (a) provides in part:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution
>     (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>     (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
> (2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

25. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

26. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

27. I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after a restraining order or similar process has been issued to a financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, a seizure warrant would be the most effective way to assure the availability of the monies sought to be seized for forfeiture.

## CONCLUSION

28. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that up to $15,000.00 in United States currency on deposit in the **Chase 5595 Account**, held in the name of Elizabeth Kristine Bayolo, are:

   a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

   b. Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

   c. Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

   d. Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

8